IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| JAMES YATES, <br><br> Plaintiff, <br><br> v. <br><br> FRANCONNECT, LLC, <br><br> Defendant. | Civil Action No. 1:25-cv-540 |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE AND TO COMPEL DEFENDANT TO FILE A RULE 26(A)(3) COMPLIANT TRIAL EXHIBIT LIST AND TO FILE A STATEMENT OF UNDISPUTED FACTS WITHIN ITS MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT THAT <u>COMPLIES WITH LOCAL RULE 56(B)</u>**

**COMES NOW** Plaintiff James Yates ("Yates"), by undersigned counsel, pursuant to Fed. R. Civ. P. 12(f) and 26(a)(3), 56(c), and E.D. Va. Civ. R. 56(B), and hereby submits this Motion to Strike and to Compel Defendant to file a Fed. R. Civ. P. 26(a)(3) compliant trial exhibit list and to file a Statement of Undisputed Facts within its Memorandum in Support of its Motion for Summary Judgment that complies with EDVA Local Rule 56(B) for the reasons that follow:

**<u>Defendant's Trial Exhibit List</u>**

On December 29, 2025, Plaintiff filed his objections to Defendant's trial exhibit list. <u>See</u> ECF No. 34. In their December 18, 2025 filing, defense counsel listed the entirety of Defendant's document production as exhibits for trial which resulted in Defendant's **<u>35-page exhibit list with 952+ exhibits</u>**, as compared to Plaintiff's 4 ¼ page trial exhibit list with only 62 exhibits. <u>See</u> ECF No. 31, Defendant's trial exhibit list. If that were allowable, trial would take months to conduct and be a waste of the Court's valuable time and judicial resources.

FRCP 26(a)(3) requires that Defendant generally identify all of the exhibits that it expects to present at trial and those it may offer if the need arises in its pretrial exhibit list, so that Plaintiff may properly respond to those specific exhibits in preparing his case for trial. This list should including summaries of evidence (FRCP 26(a)(3)(A)(iii)). Before drafting an exhibit list, counsel typically organizes and reviews all of the documents and information collected in discovery and identifies the critical exhibits for each element of the claims and defenses in a case.

In this case, what Defendant produced was a document dump of exhibits, i.e. the entirety of their document production and a few other third-party exhibits, not what was required or compliant with FRCP 26(a)(3). Defendant also did not properly number its exhibits in its list or provide the full bates range for the documents it identified its trial exhibit list. Much time has passed since discovery closed on December 12th, so defense counsel have had time to settle on which exhibits they will present at trial on March 3, 2026. Plaintiff also needs this crucial information to prepare his case for trial.

Given these general and serious deficiencies in what Defendant filed, Defendant's filed exhibit list should be stricken and the Court should compel Defendant to file a new list identifying which of its exhibits it actually intends to introduce at trial and provide the full bates ranges for the documents, as well as the exhibit numbers, so Plaintiff may properly respond/object to just those specific exhibits intended for trial use and not waste precious time responding to every document that Defendant produced in the entirety of its document production during discovery.

**Defendant's Statement of Undisputed Facts**

Defense counsel filed a Motion for Summary Judgment that contained a Statement of Undisputed Facts that was drafted out of compliance with EDVA Local Rule 56(B). See ECF No.

27. Namely, what they filed and formatted as their "Statement of Undisputed Facts" is 14 pages of bulk paragraphs without any individualized numbering whatsoever of the specific facts that they claim are undisputed. As formatted the facts are a nightmare to review, let alone address fact by fact as Plaintiff is required to do per the rules. EDVA Local Rule 56(B) states,

> (B) Summary Judgment – Listing Of Undisputed Facts: Each brief in support of a motion for summary judgment shall include a specifically captioned section <u>listing all material facts as to which the moving party contends there is no genuine issue and citing the parts of the record relied on to support the listed facts as alleged to be undisputed</u>. . . In determining a motion for summary judgment, the Court may assume that facts identified by the moving party in its listing of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion. (emphasis added).

In this judicial district, parties filing a Memorandum in Support of its Motion for Summary Judgment format their Statement of Undisputed Facts as a list of numbered paragraphs, so the Court can review numbered fact by numbered fact in formulating a ruling, and so that Plaintiff's counsel can readily identify which individually identified numbered fact she is responding to in her opposition brief. Given these general and serious deficiencies in what Defendant filed, Defendant's Memorandum in Support of its Motion for Summary Judgment should be stricken and the Court should compel Defendant to file a Memorandum in Support of its Motion for Summary Judgment that contains an EDVA Local Rule 56(B) compliant Statement of Undisputed Facts.

Duty to Confer

After filing her objections on December 29th, Plaintiff's counsel emailed defense counsel Steinberg on December 30th sending her a Thomson Reuters Litigation Journal resource for putting exhibit lists together and asking her, "Let me know if you'll be filing an amended exhibit list by this Friday." <u>See</u> **Exhibit 1**. Ms. Steinberg did not respond. Plaintiff's counsel was out of the office for a wedding in Mexico and was volunteering as a camp counselor at her church's high

school retreat the rest of that holiday week. When she returned to the office on January 6, 2026 she continued her due diligence in getting Defendant's position on the amended filing, Plaintiff's counsel emailed the three defense counsel (Ms. Steinberg, Mr. Long, and Ms. Lambert/Fields), reminding them of the deficiencies that she noted in her December 29th objections to their trial exhibit list, and requesting that they amend their filing. Id. She stated the following in her email:

> I was hoping that you would file an amended trial exhibit list per FRCP 26(a)(3) by last Friday given that you had notice of my objections and the deficiencies with your filing since 12/29.
>
> Trial is set for 3/2/2026, so time if of the essence for Mr. Yates to know what specific exhibits you will use at trial. I've disclosed what specific exhibits we will use for our 4 to 5 day trial, but to date you have not done same.
>
> Id, email from Ms. Miles to Ms. Steinberg, Mr. Long, and Ms. Lambert/Fields from January 6th. (emphasis added)

Plaintiff's counsel did not hear back from any of the three defense counsel that day, so she called Mr. Long and Mr. Lambert/Fields and left voicemails for them on January 7, 2026. She spoke briefly with Ms. Steinberg, who indicated that she would need to speak with Mr. Long and could not guarantee when she would have an answer as to whether Defendant would be amending its trial exhibit list and said that she needed to speak with the client regarding scheduling a settlement conference. Ms. Steinberg said she would try and get back to Plaintiff's counsel that night regarding whether Defendant would be filing an amended exhibit list. She did not. On January 8th, Plaintiff's counsel followed up again with an email to the three defense counsel and left voicemails for Mr. Long and Mr. Lambert/Fields since they had not yet returned her calls from January 7th. Id. Mr. Long finally responded via email on January 8th indicating the following:

1. We will not be amending our exhibit list unless directed by the Court.
2. Judge Brinkema noted during the pretrial conference that she had already reviewed our Motion for Summary Judgment and did not raise any issues. Accordingly, we will not be amending our Motion unless ordered by the Court.

<u>Id</u>, email from Mr. Long to Ms. Miles from January 8th. (emphasis added)

This is obstructionist gamesmanship that should not be tolerated by the court.

## Conclusion

WHEREFORE, for the foregoing reasons, Plaintiff requests the Court grant his Motion and strike Defendant's trial exhibit list and Memorandum in Support of its Motion for Summary Judgment that contains an EDVA Local Rule 56(B) noncompliant Statement of Undisputed Facts, and to compel Defendant to file an amended trial exhibit list that complies with Fed. R. Civ. P. 26(a)(3), that identifies which exhibits Defendant actually intends to introduce at trial, and provide the full bates ranges for the documents in the exhibit list, as well as the exhibit numbers; and to a file a Statement of Undisputed Facts within its Memorandum in Support of its Motion for Summary Judgment that complies with EDVA Local Rule 56(B), listing the facts in numbered paragraphs, so that Plaintiff's counsel can readily identify which individually identified numbered fact she is responding to in her opposition brief.

Dated: January 8, 2026                                             Respectfully Submitted,

**JAMES YATES**

By Counsel:

<u>/s/ Monique A. Miles</u>
Monique A. Miles, Esq.
Va Bar No. 78828
Old Towne Associates, P.C.
201 N. Union Street, Ste. 110
Alexandria, VA 22314
Phone: 703-519-6810
mmiles@oldtowneassociates.com
http://oldtowneassociates.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 8, 2026, a true and correct copy of the foregoing has been provided by electronic notification through the CM/ECF System, which will send notice to the following counsel of record:

>Heather M. Lambert (VSB No. 79175)
>NELSON MULLINS RILEY & SCARBOROUGH
>1021 E. Byrd Street, Suite 2120
>Richmond, VA 23219
>Heather.Lambert@nelsonmullins.com
>Tel.: 804.533.3868
>Fax.: 804. 616.4129
>
>Kraig B. Long (*pro hac vice*)
>Sarah Jayne Steinberg (*pro hac vice*)
>NELSON MULLINS RILEY & SCARBOROUGH
>100 S. Charles Street, Suite 1600
>Baltimore, MD 21201
>Kraig.Long@nelsonmullins.com
>sarah.steinberg@nelsonmullins.com
>Tel.: 443.392.9499
>
>*Counsel for Defendant*

<u>/s/ Monique A. Miles</u>