IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

| | |
|---|---|
| **JAMES YATES**, <br><br><br> Plaintiff, <br><br> v. <br><br> **FRANCONNECT, LLC**, <br><br><br><br> Defendant. | Civil Action No. 1:25-cv-540 |

**DEFENDANT FRANCONNECT, LLC'S MEMORANDUM IN SUPPORT OF ITS
MOTION TO AWARD ATTORNEYS' FEES AND RELATED EXPENSES
PURSUANT TO FRCP 54(d) AND TITLE VII**

Defendant FranConnect, LLC ("FranConnect"), through undersigned counsel and pursuant to Federal Rule of Civil Procedure 54(d)(2), and Title VII's fee-shifting provision, 42 U.S.C. § 2000e-5(k), and the Court's February 27, 2026 Order and Judgment (ECF #88 and #89), requests that this Court award FranConnect $170,000.00 in attorneys' fees and $10,404.00 in related expenses as the prevailing party in this action.

**INTRODUCTION**

This Court entered judgment for Defendant FranConnect on February 27, 2026, following oral argument. Mr. Yates has since noticed an appeal. FranConnect is a prevailing defendant in a Title VII action. Under 42 U.S.C. § 2000e-5(k), the Court may award fees and nontaxable expenses to a prevailing defendant if the plaintiff's "claim was frivolous, unreasonable, or groundless,' or if 'the plaintiff continued to litigate after it clearly became so.'"

*CRST Van Expedited, Inc. v. E.E.O.C.,* 578 U.S. 419, 422-23 (2016) (quoting *Christiansburg Garment Co. v EEOC*, 434 U.S. 412, 422 (1978)).

Here, the circumstances warrant an award of fees and costs. The record demonstrates that Mr. Yates proceeded to litigate the present matter without evidence of discrimination. Mr. Yates also failed to identify any supporting witnesses, attempted to rely on Defendant's witnesses, and pursued litigation despite multiple opportunities to resolve or narrow the dispute, including multiple settlement demands that did not reflect the merits of the case. Thus, FranConnect incurred significant fees and costs to defend a case that lacked evidentiary support from the outset.

## PROCEDURAL HISTORY

On December 11, 2024, Plaintiff filed a charge of discrimination alleging race-based discrimination with the Equal Employment Opportunity Commission ("EEOC"). FranConnect received notice of the charge of discrimination on December 19, 2024. During the pendency of the charge, the parties participated in a settlement conference before the EEOC on February 26, 2025. During the settlement conference, Mr. Yates demanded $375,000 to resolve his claims. FranConnect responded with an offer of $59,520.20, which is what FranConnect offered to Mr. Yates as severance at the time his employment was terminated. Mr. Yates responded to this offer by lowering his demand a mere $1,000 to $374,000. The settlement conference terminated shortly thereafter. Less than ten days after the settlement conference – and before FranConnect had an opportunity to respond to the allegations or the EEOC initiated any investigation – Mr. Yates requested and obtained a Right-to-Sue letter, after which he filed this lawsuit.

Mr. Yates filed this action asserting claims for race discrimination and retaliation under Title VII, 42 U.S.C. § 1981, the Virginia Human Rights Act, and the Virginia Whistleblower

Protection Law. On April 18, 2025, FranConnect moved to dismiss the Complaint, in part, due to Mr. Yates's failure to exhaust his administrative remedies with respect to his retaliation claim. It is unclear when Mr. Yates filed this subsequent retaliation charge with the EEOC as FranConnect never received a notification that a new charge had been filed.

On May 2, 2025, just days after the submission of his second charge of discrimination, Mr. Yates requested and received a second Right-to-Sue letter related to his newly filed retaliation claim. Once again, by immediately requesting a Right-to-Sue letter, Mr. Yates deprived the EEOC of the opportunity to investigate the allegations in his charge and deprived FranConnect of any opportunity to respond. Throughout discovery, it became abundantly clear from witness depositions, document production, and Mr. Yates's own testimony that there was no evidence to support his allegations. Accordingly, at the close of discovery, FranConnect moved for summary judgment and demonstrated that Mr. Yates failed to produce evidence sufficient to support any of his claims. The Court entered judgment for FranConnect on February 27, 2026 (ECF #88 and #89), finding no genuine dispute of material facts with respect to any of Mr. Yates's claims. Mr. Yates filed an appeal (ECF #90) the same day. This motion is timely under Rule 54(d)(2)(B) because it is filed within 14 days of entry of judgment.

## **LEGAL STANDARD**

Rule 54(d)(2) provides that a claim for attorneys' fees and related nontaxable expenses must be made by motion and, unless a statute or court order provides otherwise, must be filed within 14 days after entry of judgment, specify the grounds, and state the amount sought or provide a fair estimate. Title VII authorizes the Court, in its discretion, to award "a reasonable attorney's fee… as part of the costs" to the prevailing party. Prevailing defendants in a Title VII case may recover attorney's fees if the plaintiff's claim was "frivolous, unreasonable, or

groundless,' or if 'the plaintiff continued to litigate after it clearly became so.'" *CRST Van Expedited, Inc. v. E.E.O.C.,* 578 U.S. 419, 422-23 (2016) (quoting *Christiansburg Garment Co. v EEOC*, 434 U.S. 412, 422 (1978)); *see also* 42 U.S.C. § 2000e-5(k).

## ARGUMENT

### A.  FranConnect is the Prevailing Party

A party that obtains summary judgment is considered a "prevailing party" for purposes of a fee award, and the Fourth Circuit recognizes prevailing status on dispositive motions. *See Citi Trends, Inc. v. Coach, Inc.*, 780 F. App'x 74, 78 (4th Cir. 2019). Thus, FranConnect is the prevailing party in the present action.

### B.  Mr. Yates's Claims Were Frivolous, Unreasonable, and Groundless

There is a mountain of evidence that supports a finding that Mr. Yates pursued and maintained claims without evidentiary support. First, the record reflected Mr. Yates's claims were groundless as the record is devoid of any evidence of discrimination or retaliation throughout the entirety of the lawsuit. Mr. Yates failed to produce a single witness to support his claims that he was treated worse than his non-black coworkers. In fact, every individual deposed, save Mr. Yates, confirmed that sales accounts were transferred and reassigned among sales representatives routinely, FranConnect expected its sales team to hit their sales quota once fully ramped, and that any sales representative who consistently fails to meet their sales quota would be subject to being placed on a Performance Improvement Plan and their employment terminated if sufficient improvement has not been shown.

While FranConnect used sworn testimony, documents, and emails in support of its Motion for Summary Judgment, Mr. Yates relied solely on his own self-serving declaration, which was laden with unsupported allegations, hearsay, and rank speculation.  Despite all of this,

4

Mr. Yates refused to engage in good faith settlement discussions and continued to prosecute his blatantly frivolous claims, including filing countless motions and even a third charge of discrimination with the EEOC in the weeks leading up to trial, resulting in increased fees and expenses for FranConnect.[1]

Although Mr. Yates (and his counsel) knew that he had no evidence to support his claims, they nevertheless forced FranConnect to incur substantial attorneys' fees and costs defending against those baseless allegations while rejecting FranConnect's repeated efforts to resolve the matter. At the parties' Final Pretrial Conference on December 18, 2025, this Court encouraged the parties to pursue settlement and suggested that Mr. Yates make a "reasonable" demand.  Rather than heed the Court's guidance, Mr. Yates increased his demand from $374,000 to $675,000 – an unexplained $301,000 increase unsupported by any evidence or damages analysis.

Mr. Yates's conduct was consistent with his earlier refusal to mitigate his alleged damages or resolve the dispute when given the opportunity. At the time of his termination, FranConnect offered Mr. Yates a lateral position within the sales department that would have allowed him to work under a different supervisor, maintain his base salary and benefits, and be removed from the Performance Improvement Plan. Mr. Yates rejected that offer (an offer that would have allowed him to remain employed) and instead characterized it as a "demotion," even citing it in his complaint as purported evidence of race discrimination. FranConnect nevertheless made a further effort to resolve the matter by offering Mr. Yates five months' severance plus commissions totaling $59,520.20 in exchange for a release of claims. Mr. Yates rejected that

---

[1] On January 28, 2026, Mr. Yates filed a third charge of discrimination against FranConnect, alleging that FranConnect caused the termination of his subsequent employment with AppSuite. However, AppSuite's employment records, which were produced during discovery in this action, make clear that Mr. Yates was terminated solely for performance-related reasons, namely his failure to generate sales. *See* ECF #59

offer as well. Having declined reasonable opportunities to remain employed or resolve the dispute, Mr. Yates instead chose to pursue unsupported claims through costly litigation.

Moreover, Mr. Yates's conduct during the pre-litigation stage further supports an award of fees and costs. Title VII's administrative framework requires that a charge be filed with the EEOC so that the agency may investigate the allegations, attempt conciliation where appropriate, and determine whether there is any basis for the claims before litigation is initiated. That process serves an important gatekeeping function by promoting the early resolution of disputes and preventing unsupported claims from proceeding directly to court.

Here, however, Mr. Yates repeatedly short-circuited that process. Rather than allow the EEOC to investigate the allegations in his charges or permit FranConnect the opportunity to respond, Mr. Yates voluntarily withdrew his charges and immediately requested Right-to-Sue letters. By doing so, Mr. Yates deprived the EEOC of the opportunity to perform its statutory investigatory and conciliatory role and effectively circumvented the administrative process Congress designed to screen and resolve discrimination claims before litigation.

Having bypassed that administrative framework, Mr. Yates then proceeded to pursue claims in this Court that ultimately lacked evidentiary support. This conduct, depriving the EEOC of its investigatory role while forcing FranConnect to incur the expense of defending baseless claims in federal court, further underscores why an award of fees and costs to FranConnect as the prevailing party is appropriate.

## C. FranConnect Should Be Awarded Reasonable Fees and Related Nontaxable Expenses

FranConnect seeks reasonable attorneys' fees and related nontaxable expenses incurred in defending this action. Federal Rule of Civil Procedure 54(d)(2)(A) allows the prevailing party and nontaxable expenses to be made by motion upon judgment. FRCP 54(d)(2)(A). The rule

6

allows the prevailing party to seek a fair estimate of the fees and expenses being sought. *See* FRCP 54(d)(2)(B)(iii).

Here, FranConnect seeks its attorneys' fees and costs from the close of discovery on December 12, 2025 through February 27, 2026, when FranConnect prevailed on its Motion for Summary Judgment. By the conclusion of discovery, the record was devoid of any evidence that could support Mr. Yates's claims. Nevertheless, Mr. Yates continued to litigate these baseless claims, relying solely on his self-serving declaration that his counsel knew was wholly insufficient. As demonstrated below, Mr. Yates's actions unnecessarily caused FranConnect to incur significant fees and expenses well beyond the point when it was abundantly clear that there was no evidence to support any of Mr. Yates's claims. FranConnect is also seeking related costs it incurred, including costs associated with deposition transcripts and  court reporter fees.

### a. *Fees Associated with Kraig Long*

Kraig Long is a seasoned litigator and the managing partner of the Nelson Mullins Baltimore Office and serves as the co-chair of the Employment and Labor Practice group at Nelson Mullins. Mr. Long billed a total of 96.7 hours from that date that discovery closed through the Court's ruling on FranConnect's Motion for Summary Judgment at a rate of $600 an hour. *See* Exhibit 1, Declaration of Kraig B. Long. In light of the time and labor expended, the amount in controversy and the results obtained, experience and skill of counsel, and attorneys' fees awards in similar cases, Mr. Long's fees are reasonable. *See* Laffey Matrix History, https://www.laffeymatrix.com/history.html (last visited March 12, 2026); s*ee also* https://www.laffeymatrix.com/see.html (last visited March 12, 2026) *see* Exhibit 5; *McCune v. Faneuil Inc*, 2024 WL 3811411 at *7 (2024); *Carr v. Rest Inn, Inc.,* 2015 WL 5177600, at *4

(E.D. Va. Sept. 3, 2015); *Jackson v. Estelle Place, LLC,* 2009 WL 1321506 (where rates are similar to today if adjusted for inflation).

### b.  *Fees Associated with Heather Lambert*

Heather Lambert is a veteran trial attorney and the managing partner of the Nelson Mullins Richmond office. Ms. Lambert billed a total of 52.3 hours from that date that discovery closed through the Court's ruling on FranConnect's Motion for Summary Judgment at a rate of $600 an hour. *See* Exhibit 2, Declaration of Heather M. Lambert. In light of the time and labor expended, the amount in controversy and the results obtained, experience and skill of counsel, and attorneys' fees awards in similar cases, Ms. Lambert's fees are reasonable. *See* Laffey Matrix History, https://www.laffeymatrix.com/history.html (last visited March 12, 2026); *see also* https://www.laffeymatrix.com/see.html (last visited March 12, 2026) *see* Exhibit 5; *McCune v. Faneuil Inc*, 2024 WL 3811411 at *7 (2024); *Carr v. Rest Inn, Inc.,* 2015 WL 5177600, at *4 (E.D. Va. Sept. 3, 2015); *Jackson v. Estelle Place, LLC,* 2009 WL 1321506 (where rates are similar to today if adjusted for inflation).

### c.  *Fees Associated with Sarah Steinberg*

Sarah Steinberg is a third-year associate attorney in the Nelson Mullins Baltimore office with experience in employment litigation. Ms. Steinberg billed a total of 109.9 hours from the date that discovery closed through the Court's ruling on FranConnect's Motion for Summary Judgment at a rate of $400 an hour. *See* Exhibit 3, Declaration of Sarah J. Steinberg. In light of the time and labor expended, the amount in controversy and the results obtained, experience and skill of counsel, and attorneys' fees awards in similar cases, Ms. Steinberg's fees are reasonable. *See* Laffey Matrix History, https://www.laffeymatrix.com/history.html (last visited March 12, 2026); s*ee also* https://www.laffeymatrix.com/see.html (last visited March 12, 2026) *see* Exhibit

5; *McCune v. Faneuil Inc*, 2024 WL 3811411 at *7 (2024); *Carr v. Rest Inn, Inc.,* 2015 WL 5177600, at *4 (E.D. Va. Sept. 3, 2015); *Jackson v. Estelle Place, LLC,* 2009 WL 1321506 (where rates are similar to today if adjusted for inflation).

### d.  *Fees Associated with Trevor Patschorke*

Trevor Patschorke is a first-year associate attorney in the Nelson Mullins Baltimore office with experience in employment litigation. Mr. Patschorke billed a total of 91.6 hours from the date discovery closed through the Court's ruling on FranConnect's Motion for Summary Judgment at a rate of $400 an hour. *See* Exhs. 1-3. In light of the time and labor expended, the amount in controversy and the results obtained, experience and skill of counsel, and attorneys' fees awards in similar cases, Mr. Patschorke's fees are reasonable. *See* Laffey Matrix History, https://www.laffeymatrix.com/history.html (last visited March 12, 2026); s*ee also* https://www.laffeymatrix.com/see.html (last visited March 12, 2026) *see* Exhibit 5; *McCune v. Faneuil Inc*, 2024 WL 3811411 at *7 (2024); *Carr v. Rest Inn, Inc.,* 2015 WL 5177600, at *4 (E.D. Va. Sept. 3, 2015); *Jackson v. Estelle Place, LLC,* 2009 WL 1321506 (where rates are similar to today if adjusted for inflation).

### e.  *Additional Expenses*

The transcription costs associated with the four depositions taken by Mr. Yates, which included Amy Volatile, Dan Palay, Larissa Levine, and Stephanie Opoku, totaled $10,404.00. *See* Exhibit 4, Bill of Costs.

## CONCLUSION

For the foregoing reasons, Defendant FranConnect, LLC respectfully requests that the Court award $170,000.00 in reasonable attorneys' fees and $10,404.00 in related nontaxable expenses and grant such other relief as the Court deems just and proper.

Dated March 13, 2026

*Heather Lambert*

_____
Heather M. Lambert (VSB No. 79175)
NELSON MULLINS RILEY
& SCARBOROUGH
1021 E. Cary Street, Suite 2120
Richmond, VA 23219
Heather.Lambert@nelsonmullins.com
Tel.: 804.533.3868
Fax.: 804. 616.4129

Kraig B. Long (*pro hac vice*)
Sarah J. Steinberg (*pro hac vice*)
NELSON MULLINS RILEY &
SCARBOROUGH
100 S. Charles Street, Suite 1600
Baltimore, MD 21201
Kraig.Long@nelsonmullins.com
Sarah.Steinberg@nelsonmullins.com
Tel.: 443.392.9499

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Memorandum was electronically filed via CM/ECF and a copy was sent via email to the counsel below:

Monique A. Miles
Old Towne Associates, P.C.
201 N. Union Street, Suite 110
Alexandria, VA 22314
*Counsel for Mr. Yates*

_____
Heather M. Lambert (VSB No. 79175)
NELSON MULLINS RILEY & SCARBOROUGH
1021 E. Cary Street, Suite 2120
Richmond, VA 23219
Heather.Lambert@nelsonmullins.com
Tel.: 804.533.3868
Fax.: 804. 616.4129

*Counsel for Defendant FranConnect, LLC.*

11